WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-13-08181-001-PCT-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Jonathan Daniel Rhodes, | |
| Defendant. | |

Before the Court is Defendant Jonathan Daniel Rhodes' ("Defendant") Motion for Compassionate Release. (Doc. 62.) For the reasons stated below, the motion is denied.

**BACKGROUND**

Defendant pled guilty to the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 35.) In March 2014, he was sentenced to 46 months in prison with three years of supervised release to follow. (Doc. 34.) In January 2019, Defendant's supervised release was revoked for violation of one of his conditions of release. (Doc 60 at 1.) He was sentenced to six months in prison, to run consecutively with any sentence he was currently serving, with 30 months of supervised release to follow. *Id.* Defendant filed the instant motion for compassionate release on April 16, 2020. (Doc. 62.) On June, 2020, the Federal Public Defender's Office filed a notice regarding Defendant's motion pursuant to General Order 20-28. (Doc. 65.) The notice states that appointment of counsel is not warranted because (1) "the reasons for a sentence reduction that Mr. Rhodes has advanced do not appear to fit within the Sentencing Commission's criteria," and (2) his

request to be transferred to a halfway house or home confinement is not properly brought because "[n]either section 12003(b)(2) of the CARES Act nor 18 U.S.C. § 3624(c) authorizes this Court to order the Bureau of Prisons to place a prisoner in home confinement." *Id.* at 2–3.

## DISCUSSION

### I. Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Under 18 U.S.C. § 3582, a court may reduce a term of imprisonment it has imposed "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if "extraordinary and compelling reasons warrant such a reduction." The reduction may only be entered on a defendant's motion

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is mandatory and cannot be waived by the Court. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies. There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion."). Indeed, when Congress enacts a statutory exhaustion provision, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (citing *McNeil v. United States*, 508 U.S. 106, 111 (1993)).

## II. Analysis

There is no evidence that Defendant complied with the exhaustion requirement—his motion does not suggest he ever made an early-release request to the BOP. Although some district courts have held a court may waive exhaustion in light of the emergency circumstances caused by the current pandemic, "[o]ther courts in this district and throughout the Ninth Circuit have found the statute deprives them of the authority to consider a compassionate release request absent exhaustion of administrative remedies." *United States v. Fuentes*, No. 2:07-CR-0248-11 WBS, 2020 WL 1937398, at *2 (E.D. Cal. Apr. 22, 2020). Indeed, the Ninth Circuit has held that "while judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998). Thus, Defendant has not exhausted his administrative remedies and his request must be denied.

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not exhausted his administrative rights.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 62) is **DENIED.**

Dated this 10th day of November, 2020.

G. Murray Snow
Chief United States District Judge